# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| 700 Pharmacy, | : | CASES CONSOLIDATED |
| Petitioner | : | |
| | : | |
| v. | : | No. 562 C.D. 2020 |
| | : | |
| Bureau of Workers' Compensation | : | |
| Fee Review Hearing Office (State | : | |
| Workers' Insurance Fund), | : | |
| Respondent | : | |

| | | |
|---|---|---|
| State Workers' Insurance Fund, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 612 C.D. 2020 |
| | : | Argued: April 9, 2024 |
| Bureau of Workers' Compensation Fee | : | |
| Review Hearing Office (700 Pharmacy), | : | |
| Respondent | : | |

BEFORE:     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                   **HONORABLE LORI A. DUMAS,** Judge
                   **HONORABLE MATTHEW S. WOLF**, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: May 16, 2024**

In this case, 700 Pharmacy (Pharmacy) and State Workers' Insurance Fund (Insurer) cross-petition for review of the decision and order of Hearing Officer David Torrey (Hearing Officer) of the Bureau of Workers' Compensation Fee Review Hearing Office (Bureau) denying and dismissing six fee review applications (Applications) Pharmacy brought in connection with prescriptions it filled for a

claimant.[1]  Insurer argues the Hearing Officer erred in concluding Pharmacy, staffed by a pharmacist provided by an employee leasing agency, amounts to a provider as defined by Section 109 of the Workers' Compensation Act (Act),[2] 77 P.S. § 29, with standing to bring a fee review application under Section 306(f.1)(5) of the Act, 77

---

[1] The Applications at issue involve the following prescriptions and amounts.  MF-574610 involves prescriptions for Zolpidem Tartrate 10-milligram tablets, Dok 100-milligram softgels; Ondansetron Hcl 4-milligram tablets, and Oxcarbazepine 300-milligram tablets totaling $3,045.02, as well as Hysingla ER 20-milligram tablets and Hydrocodon-Acetaminophen 5-325 totaling $502.72.  (Reproduced Record (R.R.) at 59a-60a.)  MF-577911 involves prescriptions for Amitriptyline Hcl powder, Diclofenac sodium powder, Baclofen powder, Base Pcca Emulsifix, Lidocaine powder, and Hydrocodon-Acetaminophen 5-325, totaling $1,556.43, along with Zolpidem Tartrate 10-milligram tablets, Dok 100-milligram softgels, Ondansetron Hcl 4-milligram tablets, Oxcarbazepine 300-milligram tablets, and Hysingla ER 20-milligram tablets, totaling $3,463.06.  (*Id.* at 77a-78a.)  MF-579327 involves prescriptions for Oxcarbazepine 300-milligram tablets, Belbuca 300-microgram films, Hydrocodone-Acetaminophen 5-325, Zolpidem Tartrate 10-milligram tablets, Dok 100-milligram softgels, and Ondansetron Hcl 4-milligram tablets totaling $3,961.13, as well as Amitriptyline Hcl powder, Diclofenac sodium powder, Baclofen powder, Base Pcca Emulsifix 205, and Lidocaine powder totaling $1,496.65.  (*Id.* at 245a-246a.)  MF-580809 involves prescriptions for Amitriptyline Hclpowder, Diclofenac sodium powder, Baclofen powder, Base Pcca Emulsifix-205, Lidocaine powder, and Zolpidem Tartrate 10-milligram tablets, totaling $1,432.01, as well as Dok 100-milligram softgels and Ondansetron Hcl 4-milligram tablets totaling $2,668.49.  (*Id.* at 106a-107a.)  The Applications related to MF-584789 and MF-586128 do not appear in the Reproduced Record but are listed in the Hearing Officer's Decision Rendered Cover Letter.  (Hearing Officer Decision at 1.)  Medications are listed in this footnote as they appear on the forms submitted by Pharmacy found in the Reproduced Record.

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of July 2, 1993, P.L. 190, 77 P.S. § 29.  More specifically, Section 109 defines "provider" as "health care provider," which in turn is defined as

> any person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not limited to, any physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist and an officer, employe or agent of such person acting in the course and scope of employment or agency related to health care services.

*Id.*  Accordingly, we use "provider" and "health care provider" interchangeably.

2

P.S. § 531(5). (Insurer Petition for Review ¶ 9.) Pharmacy argues the Hearing Officer erred in concluding the prescriptions forming the basis of the Applications were the product of an unlawful self-referral under Section 306(f.1)(3)(iii) of the Act, 77 P.S. § 531(3)(iii) (anti-referral provision).[3] (Pharmacy Petition for Review ¶ 8.)

These cross-petitions for review involve the same parties and legal issues as *700 Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (State Workers' Insurance Fund)*, ___ A.3d ___ (Pa. Cmwlth., Nos. 560 and 617 C.D. 2020, filed May 16, 2024) (*700 Pharmacy I*).[4] In *700 Pharmacy I*, we concluded that Pharmacy has standing to request fee review but that the prescriptions underlying the applications at issue there were products of a prohibited self-referral under the anti-referral provision. Therefore, we affirmed the Hearing Officer's denial and dismissal of those applications.

---

[3] The anti-referral provision was added by Section 8 of the Act of July 2, 1993, P.L. 190, and provides:

> Notwithstanding any other provision of law, it is unlawful for a provider to refer a person for laboratory, physical therapy, rehabilitation, chiropractic, radiation oncology, psychometric, home infusion therapy or diagnostic imaging, goods or services pursuant to this section if the provider has a financial interest with the person or in the entity that receives the referral. It is unlawful for a provider to enter into an arrangement or scheme such as a cross-referral arrangement, which the provider knows or should know has a principal purpose of assuring referrals by the provider to a particular entity which, if the provider directly made referrals to such entity, would be in violation of this section. No claim for payment shall be presented by an entity to any individual, third-party payer or other entity for a service furnished pursuant to a referral prohibited under this section.

77 P.S. § 531(3)(iii).

[4] (*See* Pharmacy's Brief (Br.) at 5 n.3 (explaining that five appeals, including *700 Pharmacy I* and the instant matter, "involv[e] the same legal question and involv[e] the same parties"); *see also* Insurer's Br. at 8 n.1 (same).)

The Hearing Officer's dispositive findings of fact and conclusions of law in this matter are nearly identical to those in *700 Pharmacy I*. First, just as in *700 Pharmacy I*, the Hearing Officer in this case found that "[the claimant's] treating pain physician, Dr. Miteswar Purewal, whose office is upstairs from [] Pharmacy, wrote or supervised the prescriptions for the medications at issue. In an exhibit of [] Pharmacy, [Dr. Purewal] acknowledges that he has a financial interest in [] Pharmacy." (Hearing Officer Decision, Finding of Fact (FOF) ¶ 3; *see also* Reproduced Record at 200a.) Second, the Hearing Officer also found here that Induction Works, the employee-leasing team handling billing for Pharmacy, is an agent of Pharmacy, such that Pharmacy continues to have standing to pursue the Applications. (FOF ¶ 10.) Because there is no relevant factual or legal difference between this case and *700 Pharmacy I*, we must conclude here, too, that Pharmacy had standing to file the Applications, and that the underlying prescriptions are the product of a prohibited self-referral, as the anti-referral provision includes pharmacies. Accordingly, for the reasons set forth in *700 Pharmacy I*, we affirm.

_____
**RENÉE COHN JUBELIRER,** President Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

700 Pharmacy,                  :    CASES CONSOLIDATED
             Petitioner     :
                                :
            v.                 :    No. 562 C.D. 2020
                                :
Bureau of Workers' Compensation    :
Fee Review Hearing Office (State      :
Workers' Insurance Fund),          :
            Respondent   :


State Workers' Insurance Fund,      :
            Petitioner     :
                                :
            v.                 :    No. 612 C.D. 2020
                                :
Bureau of Workers' Compensation Fee   :
Review Hearing Office (700 Pharmacy),   :
           Respondent    :

# **O R D E R**

    **NOW**, May 16, 2024, the Order of the Bureau of Workers' Compensation Fee Review Hearing Office, in the above-captioned matter, is **AFFIRMED**.

                                  _____

                                  **RENÉE COHN JUBELIRER,** President Judge